STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
RAJESH R. SRINIVASAN (Cal. Bar No. 310510)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7416/5748
    Facsimile: (213) 894-6269
    Email:    amanda.elbogen@usdoj.gov
            rajesh.srinivasan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-00392-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO.1 TO ADMIT DEFENDANT'S PRIOR ACTS |
| v. | |
| KENTRELL GAULDEN, | Trial:     July 12, 2022<br>Time:      9:00 a.m.<br>Location:  Courtroom of the Hon. R. Gary Klausner |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Amanda B. Elbogen and Rajesh R. Srinivasan, hereby moves in limine to admit evidence at trial of certain of defendant's prior acts.

//

//

//

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 8, 2022                     Respectfully submitted,

                                       STEPHANIE S. CHRISTENSEN
                                       Acting United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       */s/ Rajesh R. Srinivasan*
                                       RAJESH R. SRINIVASAN
                                       AMANDA B. ELBOGEN
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES................................1

I.   INTRODUCTION...................................................1

II.  STATEMENT OF RELEVANT FACTS....................................1

III. DEFENDANT'S PRIOR ACTS ARE ADMISSIBLE BECAUSE THEY ARE
     INEXTRICABLY ENTWINED WITH THE CHARGED CRIME OR BECAUSE
     THEY SERVE A PERMISSIBLE PURPOSE UNDER RULE 404(B).............3

     A.   Defendant's Possession of the Same Type of Firearm at
          Shyne Jewelers and Instagram Post Showing Defendant
          with the Same Type of Firearm.............................6

     B.   Evidence of Arrest Warrant, Arrest, and Defendant's
          Flight....................................................6

     C.   Evidence of Defendant's Songs "Gunsmoke" and "Life
          Support" and His Shyne Jewelers Purchases.................8

IV.  CONCLUSION.....................................................9

# Table of Authorities

**Federal Cases**

United States v. Arambula-Ruiz,
   987 F.2d 599 (9th Cir. 1993) ........................................ 4-5

United States v. Castillo,
   181 F.3d 1129 (9th Cir. 1999) ......................................... 4

United States v. Curtin,
   489 F.3d 935 (9th Cir. 2007) (en banc) ............................. 3, 5

United States v. Daly,
   974 F.2d 1215 (9th Cir. 1992) ......................................... 3

United States v. Dhingra,
   371 F.3d 557 (9th Cir. 2004) .......................................... 4

United States v. Hinton,
   31 F.3d 817 (9th Cir. 1994) ........................................... 4

United States v. Houser,
   929 F.2d 1369 (9th Cir. 1990) ......................................... 4

United States v. Johnson,
   132 F.3d 1279 (9th Cir. 1997) ......................................... 4

United States v. Lloyd,
   807 F.3d 1128 (9th Cir. 2015) ......................................... 5

United States v. Mahler,
   452 F.2d 547 (9th Cir. 1972) .......................................... 5

United States v. Montgomery,
   150 F.3d 983 (9th Cir. 1998) .......................................... 5

United States v. Parker,
   549 F.2d 1217 (9th Cir. 1977) ......................................... 5

United States v. Romero,
   282 F.3d 683 (9th Cir. 2002) .......................................... 4

United States v. Vizcarra-Martinez,
   66 F.3d 1006 (9th Cir. 1995) ....................................... 3, 7

United States v. Vo,
   413 F.3d 1010 (9th Cir. 2005) ......................................... 4

**TABLE OF AUTHORITIES (CONTINUED)**

<u>DESCRIPTION</u>                                                          <u>PAGE(S)</u>

**Federal Statutes**

18 U.S.C. § 922 ............................................................. 1, 2

**Other**

Federal Rule of Evidence 403 ............................................... 5
Federal Rule of Evidence 404 ............................... 1, 2, 3, 4, 6, 8
RULE 404 ................................................................... 3
Rule 404 ............................................... 3, 4, 5, 6, 7, 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 22, 2021, defendant Kentrell Gaulden led police on a high-speed car chase as they tried to arrest him on a warrant. He then fled on foot through residential properties in Tarzana, California. In defendant's car, police found a .45 caliber pistol, ammunition, and over half a million dollars' worth of jewelry, including jewelry custom made for defendant. Defendant, who had a prior felony conviction for aggravated assault with a firearm, was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

The government moves *in limine* to permit the government to introduce certain of defendant's prior acts at trial, because either they are inextricably entwined with the charged crime, they serve a permissible purpose under Federal Rule of Evidence 404(b), or both.

**II.  STATEMENT OF RELEVANT FACTS**

Defendant is a successful rapper known as "NBA Youngboy." On March 22, 2021, law enforcement sought to arrest defendant on a warrant issued by the United States District Court for the Middle District of Louisiana. Law enforcement officers from the Federal Bureau of Investigation ("FBI") and Los Angeles Police Department ("LAPD") saw defendant driving a black Mercedes Maybach after leaving his home. After police tried to stop defendant's car, defendant fled -- first leading officers on a high-speed car chase, and then fleeing from them on foot -- before he was ultimately found and arrested.

Law enforcement searched defendant's abandoned car and found an FN pistol, model FNX .45 caliber model, serial number FX3U140732 (the "FNX-45"), attached to an optic device and loaded with one round of

Hornady .45 caliber ammunition; a magazine with eleven rounds of Hornady .45 caliber pistol ammunition; over half a million dollars' worth of jewelry in a case bearing the words "Shyne Jewelers"; and tens of thousands of dollars in cash.  The government then indicted defendant for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  The Court has set trial for July 12, 2022.

In letters sent on April 13, 2022, and July 5, 2022, the government notified the defense that it plans to introduce evidence of defendant's prior acts at trial under Federal Rule of Evidence 404(b) for non-propensity purposes.  Specifically, the government plans to introduce:

- Evidence showing that on or about January 17, 2021, defendant possessed what appears to be an FNX-45 in the same distinctive color at Shyne Jewelers in Philadelphia, Pennsylvania;
- A December 27, 2020 Instagram post showing defendant's possession of what appears to be an FNX-45 in the same distinctive color;
- Evidence of police officers' attempt to conduct a traffic stop of defendant's car on March 22, 2021, defendant's flight from officers, and his eventual arrest;
- The arrest warrant issued by the U.S. District Court for the Middle District of Louisiana;
- The lyrics and video-recorded performance of defendant's rap songs "Gunsmoke" and "Life Support"; and
- Defendant's purchases of jewelry at Shyne Jewelers before March 22, 2021.

## III. DEFENDANT'S PRIOR ACTS ARE ADMISSIBLE BECAUSE THEY ARE INEXTRICABLY ENTWINED WITH THE CHARGED CRIME OR BECAUSE THEY SERVE A PERMISSIBLE PURPOSE UNDER RULE 404(B)

Each prior act that the government seeks to introduce is admissible either because it is "inextricably entwined" with the charged crime, because it qualifies under Rule 404(b), or both.

First, prior-act evidence is admissible if the acts are "inextricably entwined" with the charged offense. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995). That is, "evidence concerning other acts that are inextricably intertwined with the charged acts may be admitted" to "put [defendant's] illegal conduct into context and to rebut [defenses]." United States v. Daly, 974 F.2d 1215, 1217 (9th Cir. 1992). In particular, a "jury is entitled to know the circumstances and background of a criminal charge," including "the time, place, and circumstances of the acts which form the basis of the charge." Id. Thus, prior-act evidence is admissible if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or if it is necessary to create "a coherent and comprehensible story regarding the commission of the crime." Vizcarra-Martinez, 66 F.3d at 1012-13. Evidence that is "inextricably entwined" with the charged crime need not satisfy Rule 404(b) to be admissible.

Second, prior-act evidence is also admissible if it satisfies Rule 404(b). "Rule 404(b) is a rule of inclusion -- not exclusion," United States v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007) (en banc), and it does not present a high bar to admissibility. As long as evidence is introduced to show "a purpose other than . . . that defendant acted in accordance with [his] character," the Court should admit the evidence. Fed. R. Evid 404(b)(1). Indeed "[u]nless the

evidence of other acts <u>only</u> tends to prove propensity, it is admissible." <u>United States v. Castillo</u>, 181 F.3d 1129, 1134 (9th Cir. 1999) (emphasis added). Rule 404(b) gives a non-exhaustive list of permissible uses of prior-act evidence at trial, including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Ninth Circuit applies a four-part test to determine the admissibility of Rule 404(b) evidence, considering whether: (1) the other act tends to prove a material point or element; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding of fact that defendant committed the other act; and (4) if admitted to show intent, the other act is similar to the offense charged. <u>United States v. Vo</u>, 413 F.3d 1010, 1018 (9th Cir. 2005). The Ninth Circuit has repeatedly emphasized the "low threshold" for finding Rule 404(b) evidence to be "sufficient proof" of a prior act. <u>See, e.g.</u>, <u>United States v. Houser</u>, 929 F.2d 1369, 1373 (9th Cir. 1990); <u>United States v. Romero</u>, 282 F.3d 683, 688 (9th Cir. 2002); <u>United States v. Dhingra</u>, 371 F.3d 557, 566 (9th Cir. 2004). Only sufficient evidence of the prior acts must be presented "for a jury 'reasonably to conclude that the act[s] occurred and that the defendant was the actor.'" <u>United States v. Hinton</u>, 31 F.3d 817, 823 (9th Cir. 1994) (citations omitted). Additionally, the Ninth Circuit has held that the "past conduct need not be identical" but rather "need only be similar enough to be probative of intent." <u>United States v. Johnson</u>, 132 F.3d 1279, 1283 (9th Cir. 1997); <u>accord</u> <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 603 (9th Cir. 1993) (when a prior act is offered to prove knowledge, "the prior act need

4

not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence").

"Once it has been established that the evidence offered serves one of the [404(b)] purposes, the . . . 'only' conditions justifying the exclusion of the evidence are those described in Federal Rule of Evidence 403: unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence." Curtin, 489 F.3d at 944. As the Ninth Circuit has repeatedly noted, there is a distinction between evidence that is prejudicial and evidence that is unfairly prejudicial. Accordingly, Rule 404(b) evidence "is not rendered inadmissible because it is of a highly prejudicial nature . . . . The best evidence often is." United States v. Parker, 549 F.2d 1217, 1222 (9th Cir. 1977) (quoting United States v. Mahler, 452 F.2d 547, 548 (9th Cir. 1972)).

Finally, any risk of the jury using defendant's prior conduct for an improper purpose is adequately mitigated with an appropriate limiting instruction. See United States v. Lloyd, 807 F.3d 1128, 1167 (9th Cir. 2015) (approving the Ninth Circuit model jury instruction for limiting the purpose of Rule 404(b) evidence); Ninth Cir. Model Crim. Jury Inst., No. 4.3 (2010 ed.; approved Mar. 2018). Indeed, "an appropriate instruction limiting the purpose for which the jury could consider evidence of a defendant's prior conviction is a factor weighing in favor of admission of Rule 404(b) evidence." United States v. Montgomery, 150 F.3d 983, 1001 (9th Cir. 1998).

### A. Defendant's Possession of the Same Type of Firearm in Philadelphia and Baton Rouge

Testimony and photographs showing defendant's possession of the same, distinctive firearm (or a substantially similar firearm) before March 22, 2021 is admissible because the government will use it to prove that the firearm found in defendant's car on March 22, 2021, in fact, belonged to defendant -- a fact that defendant will contest at trial. As a government expert will testify, the firearm depicted in January 2021 photographs taken at Shyne Jewelers in Philadelphia, Pennsylvania, and in defendant's December 2020 Instagram post in Baton Rouge, Louisiana, is consistent in appearance with the distinctive, goldish-tan FNX-45 recovered from defendant's car on March 22, 2021. Because this evidence shows that defendant previously possessed this firearm, it will help the jury determine whether defendant knowingly possessed it on March 22, 2021. See Fed. R. Evid. 404(b)(2) (citing "intent," "knowledge," "absence of mistake," and "lack of accident" as permissible uses of prior-act evidence).

### B. Evidence of Arrest Warrant, Arrest, and Defendant's Flight

Additionally, evidence of defendant's arrest warrant and flight from arresting officers on March 22, 2021, is admissible both because it is "inextricably entwined" with the charged crime and because it qualifies under Rule 404(b). Each piece of evidence is a critical part of the story of defendant's crime and of law enforcement's investigation of that crime. Evidence of the arrest warrant issued by the U.S. District Court for the Middle District of Louisiana is necessary to explain why police were trying to locate defendant and why police tried to stop defendant's car and arrest him.

6

Moreover, evidence of defendant's flight from those officers, and ultimate arrest, is necessary to explain how police tracked defendant's whereabouts as he fled in his car and then on foot, and how that shows that defendant possessed the FNX-45 and ammunition found in his car, about 7 houses down from where he was arrested. This evidence is directly relevant to the government's ability to prove an element of the charged crime: defendant's knowing possession of a firearm and ammunition. See Vizcarra-Martinez, 66 F.3d at 1012 (explaining that prior-act evidence is admissible if it "constitutes a part of the transaction that serves as the basis for the criminal charge"). Without this evidence, the jury will not be able to understand how defendant "knowingly possessed" a gun and ammunition that was found in his abandoned car. See id. at 1012-13 (explaining that prior-act evidence is admissible if it is necessary to create "a coherent and comprehensible story regarding the commission of the crime").

The events of the arrest and defendant's flight are also admissible under Rule 404(b) because they are probative of defendant's identity as the car's driver. Namely, this evidence will show how police tracked defendant from the time he left his house in his car to his arrest. This evidence will include testimony of how law enforcement officers saw defendant driving the car before the attempted traffic stop; how police were tracked defendant's flight by car and then foot, using police units on the ground and a police helicopter; and how police set up a perimeter to effectuate defendant's arrest. Because this evidence will establish a clear timeline of events, the jury will be able to understand how police knew then -- and how the jury can know now -- that the person the

7

police arrested was, in fact, the driver of the car that contained the gun and ammunition.

### C. Evidence of Defendant's Songs "Gunsmoke" and "Life Support" and His Shyne Jewelers Purchases

Evidence of defendant's rap songs about guns and his prior purchases of Shyne Jewelers jewelry is admissible under Rule 404(b) because it is probative of defendant's knowing possession of the gun in his car, his identity as the car's driver, and his absence of mistake in having the gun in his car. See Fed R. Evid. 404(b)(2).

Defendant's Shyne Jewelers purchases and song "Life Support" referencing Shyne Jewelers are probative of defendant's knowing possession of the FNX-45 and the ammunition, as well as identity and absence of mistake. See Fed R. Evid. 404(b)(2). First, evidence of defendant's prior purchases at Shyne Jewelers and defendant's reference to Shyne Jewelers in "Life Support" fairly supports the conclusion that the jewelry in defendant's car belonged to him, which in turn fairly supports the conclusion that the FNX-45 found near the jewelry also belonged to him. Additionally, the jewelry's extremely high value (over $500,000) fairly supports the common-sense conclusion that defendant, not someone else, was driving his car the day it was found to contain the gun and ammunition.

Moreover, in the song "Gunsmoke," defendant mentions the gun manufacturer FN, the same manufacturer of the gun found in his car, along with other gun manufacturers. Notably, the government has found no reference in defendant's music to a Japanese Airsoft gun, which the government understands the defense will argue was the gun defendant was photographed holding at Shyne Jewelers.

8

## IV. CONCLUSION

For the foregoing reasons, the Court should permit the introduction at trial of defendant's prior acts, discussed above.

Dated: July 8, 2022                     Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


 */s/ Rajesh R. Srinivasan*
RAJESH R. SRINIVASAN
AMANDA B. ELBOGEN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA