JAMES P. MANASSEH (La. Bar No. 19022)
ANDRE BELANGER (La. Bar No. 26797)
TANNER C. WOODS (La. Bar No. 37376)
W. ROBERT GILL (La. Bar No. 20557)

MANASSEH, GILL, KNIPE & BELANGER, PLC
8075 Jefferson Highway
Baton Rouge, La 70809
Telephone: (225) 383-9703
Facsimile: (225) 383-9704
E-mail: jimmy@manassehandgill.com
andre@manassehandgill.com
tanner@manassehandgill.com
robby@manassehandgill.com

Attorneys for Defendant
KENTRELL GAULDEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENTRELL GAULDEN,<br><br>Defendant. | No. 2:21-cr-00392-RGK<br><br>OPPOSITION MEMORANDUM TO GOVERNMENT'S Motion In Limine NO. 1 TO ADMIT DEFENDANT'S PRIOR ACTS<br>**CURRENT TRIAL DATE:** 07-12-22 |

NOW INTO COURT come the defendant, Kentrell Gaulden, through undersigned counsel, who file this Opposition Memorandum in Response to the Government's Motion in Limine No.1 (Rec. Doc 68) seeking to admit other acts of the defendant.

The Government's Motion in Limine seeks to admit three categories of activities they attribute to Gaulden: 1) Gaulden's Middle District of Louisiana arrest warrant along with his arrest and flight within the Central District of California; 2) images with Gaulden holding an

object the Government believes is the same FNX .45 caliber pistol; and 3) portions of Gaulden's music. Many of the defendant's positions on these topics were advanced in the Defendant's Motion in Limine to Preclude Introduction of Certain Other Crimes Evidence (Doc. 67) and we seek to incorporate those arguments within this response. However, since the Government's Motion in Limine No. 1 was filed subsequently, we deem it best to refine arguments in response to the Government's Motion in Limine No. 1.

**A. The Middle District Case**

The defendant's Motion in Limine sought to exclude both the underlying facts of the defendant's arrest within the Middle District of Louisiana on September 28, 2020, along with the statutory name for the crimes alleged within the Middle District of Louisiana's Indictment issued on March 10, 2021. The Government's Motion in Limine No.1 does not appear to request admission of the underlying facts concerning Gaulden's arrest within the Middle District on September 28, 2020. If the Government does not intend to introduce those underlying allegations, then perhaps, the defendant's position is moot leaving the only issues concerning Gaulden's arrest itself because of the warrant and whether the indicted crimes should be presented to the jury.

The defense does not oppose having the Government presenting evidence that the police encountered Gaulden for the sole purpose of perfecting an outstanding arrest warrant for an indictment out of the Middle District of Louisiana and concedes that this fact alone

is inextricably intertwined with the charged conduct. However, what the defendant was arrested for his not. Advising the jury of the statutory charges for the arrest warrant is a way to get impermissible character evidence "through the back door" so to speak and should be precluded. The defense is willing to stipulate that the police sought to arrest Gaulden on an unrelated arrest warrant issued by the Middle District of Louisiana on March 10, 2021. Such a stipulation, if accepted by the Government, should ease their concerns about presenting their case in chief and protect the defendant's right to a fair trial. It is also consistent with the *Spirit of Old Chief v. United States* 519 U.S. 172,117 S.Ct. 644, 136 L.Ed. 2d 574 (1997), which shields the name of an underlying felony conviction from the jury in gun cases such as this one when the defense is willing to stipulate to the underlying conviction.

**B. Gaulden's Flight**

The defense does not oppose evidence of flight being presented to the jury in this case. The defense concurs with the Government that the Maybach's flight during the traffic detention and Gaulden's abandoning the vehicle and subsequent arrest are inextricably intertwined with the charged conduct.

**C. Instagram Images**

The defense adopts the arguments referenced within its Motion in Limine to Preclude Introduction of Certain Other Crimes Evidence (Doc. 67) as it pertains to social media images from Shyne Jewelers and posts believed to have been made while Gaulden was in Baton Rouge. We only

make two points of emphasis here. First, the Government expert can not say that the object Gaulden is handling is the same gun recovered from the Maybach. At best, he will only be able to say it is substantially similar in appearance. Second, there is nothing unique about its color. The golden/tan color is part of the manufacturing design. The gun is manufactured with two color schemes: black and Flat Dark Earth. Replica guns are similarly manufactured with those color schemes. This isn't the case where Gaulden was able to purchase a custom color scheme for the weapon that is unique to himself or a handful of wealthy collectors.

**D. Shyne Jewelers**

The defense believes the Government may spend considerable time going through every piece of jewelry located within the Maybach that was purchased through Shyne and admit their purchase invoices item by item. The defense does not contest that Shyne was a custom jeweler for Gaulden; that Shyne's custom pieces were expensive; that Shyne sold Gaulden other high-end products and that jewelry seized from the Maybach was returned to Gaulden.

**E. Lyrics**

The defense adopts the arguments referenced within its Motion in Limine to Preclude Introduction of Certain Other Crimes Evidence (Doc. 67) as it pertains to Gaulden's music. For purposes of this Opposition Memorandum, we respectfully suggest that lyrics from the song "Life Support" referencing Shyne Jewelers is irrelevant since the defense

does not contest that an ongoing commercial relationship existed between Gaulden and Shyne.

Respectfully Submitted:

**MANASSEH, GILL, KNIPE & BÉLANGER, P.L.C.**

/s/ James P. Manasseh
JAMES P. MANASSEH
Louisiana Bar No. 19022
Email: jimmy@manassehandgill.com

ANDRE BELANGER
Louisiana Bar No. 26797
Email: andre@manassehandgill.com

Tanner C. Woods
Louisiana Bar No. 37376
Email: tanner@manassehandgill.com

W.Robert Gill
Louisiana Bar No. 20557
Email: robby@manassehandgill.com

Attorneys for Defendant
8075 Jefferson Highway
Baton Rouge, LA 70809
(225) 383-9703 (Telephone)
(225) 383-9704 (Facsimile)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**UNITED STATES OF AMERICA**

**CRIMINAL ACTION**

**VERSUS**

**NO. 21-392-RGK**

**KENTRELL D. GAULDEN**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing Opposition to the Government's Motion in Limine No.1 to Admit Defendant's Prior Acts with the Clerk of Court by using the CM/ECF, which will send a notice of electronic filing to opposing counsel in the United States Attorney's Office.

Los Angeles, California this 10th day of July, 2022.

s/ Andre Belanger

ANDRE BELANGER