JAMES P. MANASSEH (La. Bar No. 19022)
ANDRE BELANGER (La. Bar No. 26797)
TANNER C. WOODS (La. Bar No. 37376)
W. ROBERT GILL (La. Bar No. 20557)

MANASSEH, GILL, KNIPE & BELANGER, PLC
    8075 Jefferson Highway
    Baton Rouge, La 70809
    Telephone: (225) 383-9703
    Facsimile: (225) 383-9704
    E-mail:    jimmy@manassehandgill.com
               andre@manassehandgill.com
               tanner@manassehandgill.com
               robby@manassehandgill.com

Attorneys for Defendant
KENTRELL GAULDEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>KENTRELL GAULDEN,<br><br>      Defendant. | No. 2:21-cr-00392-RGK<br><br><u>OPPOSITION MEMORANDUM TO GOVERNMENT'S NO. 3 TO PRECLUDE DEFENDANT FROM CALLING LAW-ENFORCEMENT WITNESSES TO ELICIT CUMULATIVE OR UNNECESSARY TESTIMONY OR SOLELY FOR THE PURPOSE OF IMPEACHMENT</u><br>**CURRENT TRIAL DATE:**  07-12-22 |

     NOW INTO COURT come the defendant, Kentrell Gaulden, through undersigned counsel, who file this Opposition Memorandum in Response to the Government's Motion in Limine No.3 (Rec. Doc 71) seeking to exclude the defense witness list.

     The Government's Motion in Limine seeks to exclude six law enforcement officers based upon the assumption that their testimony will either be cumulative, present unnecessary evidence or is done for

the sole purpose of impeachment. The defense agrees that the Court is vested with the authority to limit such testimony but disagrees with the Government's assumption that these three impermissible bases are the purpose for the defense witnesses. The six officers referenced in the Government's motion can broadly be placed into two camps: authentication witnesses and fact witness. While not wanting to divulge the nuances of our anticipated defense, we will provide the Court with some guidance for the need for these officers.

### A. Authentication Witnesses

In this case, over 20 officers and federally designated agents participated in locating and arresting Gaulden as well as searching his person and his Maybach. Some of the local law enforcement personal wore body cameras, drove in vehicles equipped with dash cameras or both. This video evidence will show, in real time, portions of the pursuit of the Maybach, its flight, the apprehension of Gaulden, his search and the search of the Maybach. The defense would like the jury to view portions of these episodes. Nearly half of the defense witnesses complained of in the Government's third Motion in Limine are for purposes of authenticating these videos. Those officers are: Mauricio Vargas, Dylan Smiley and Michael Roll. The parties are in the process of crafting a proposed stipulation that could alleviate the need of officers Mauricio Vargas and Dylan Smiley. Officer Michael Roll is also considered a potential fact witness.

### B. Fact Witnesses

The defense believes that officers Michael Roll and Robert Burke along with FBI task force officers Kevin Currie and Clifford Jones are necessary fact witnesses for the defense.

Robert Burke was partnered with Officer Jonathan Clodfelter. Prior to filing this Opposition Memorandum, counsel advised attorneys for the Government that there shouldn't be a need for his testimony if Officer Clodfelter was going to testify. The defense believes they can obtain substantially the same testimony from both officers since they were riding together and shared a common dash camera in their police unit.

The remaining witnesses do offer probative evidence the defense wants to establish at trial. Counsel for the defense also advised the Government that, depending on how our other cross examinations develop during their case in chief, we may be able to excuse some, if not all, of them if we feel we have established our points through other witnesses. We do not intend on presenting cumulative evidence. We believe such a tactic would not be viewed favorably by either the Court or the jury and alienating the jury would only be to our client's detriment.

### C. Impeachment Evidence

The defense does not intend to call any witness for the sole purpose of impeaching them. We intend to conduct our examinations to discuss their actions as conveyed to us through police reports, FBI 302s and the video evidence. We hope this assertion suffices to ease the

3

Government's concerns and, again, are aware of the Court's authority to prevent improper testimony.

Respectfully Submitted:

**MANASSEH, GILL, KNIPE & BÉLANGER, P.L.C.**

/s/ James P. Manasseh
JAMES P. MANASSEH
Louisiana Bar No. 19022
Email: jimmy@manassehandgill.com

ANDRE BELANGER
Louisiana Bar No. 26797
Email: andre@manassehandgill.com

Tanner C. Woods
Louisiana Bar No. 37376
Email: tanner@manassehandgill.com

W.Robert Gill
Louisiana Bar No. 20557
Email: robby@manassehandgill.com

Attorneys for Defendant
8075 Jefferson Highway
Baton Rouge, LA  70809
(225) 383-9703 (Telephone)
(225) 383-9704 (Facsimile)                              (

4

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA**

                                                    CRIMINAL ACTION

**VERSUS**

                                                    NO.  21-392-RGK

**KENTRELL D. GAULDEN**

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I electronically filed the foregoing Opposition to the Government's Motion in Limine No.3 to Preclude The Defense From Calling Law Enforcement Testimony with the Clerk of Court by using the CM/ECF, which will send a notice of electronic filing to opposing counsel in the United States Attorney's Office.

    Los Angeles, California this 10th day of July, 2022.

                                        s/ Andre Belanger
                                        ANDRE BELANGER