STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
RAJESH R. SRINIVASAN (Cal. Bar No. 310510)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7416/5748
     Facsimile: (213) 894-6269
     Email:    amanda.elbogen@usdoj.gov
               rajesh.srinivasan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CR-00392-RGK |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION IN LIMINE SEEKING TO EXCLUDE OTHER CRIMES EVIDENCE |
| v. | |
| KENTRELL GAULDEN, | Trial:    July 12, 2022 |
| Defendant. | Time:     9:00 a.m. |
| | Location: Courtroom of the Hon. R. Gary Klausner |

**I.   INTRODUCTION**

At defendant's trial, the government will seek to introduce evidence of a limited number of defendant's prior acts for limited and permissible purposes.  See generally Dkt. 68 (Government's Motion in Limine No. 1 To Admit Defendant's Prior Acts).  For example, the Shyne Jewelers photographs and the Instagram video -- all depicting defendant holding a gun apparently identical to the FN, FNX .45

caliber pistol ("FNX-45") found in his car in Tarzana, California, on March 22, 2021 -- are direct evidence of his knowing possession of that gun on that day, an element of the charged crime. Similarly, the existence of an arrest warrant explains why police tried to stop defendant's car and arrest him. Finally, select lyrics from three songs written and performed by defendant will prove his familiarity with (1) "Shyne Jewelers," the store that sold him the jewelry found next to his FNX-45 pistol in his car, (2) "FN," the high-end manufacturer of the gun found in his car, and (3) Demetrice Coleman, whose partner's brother bought the FNX-45. In sum, this evidence will help the jury understand that the items in defendant's car belonged to him, including the gun and ammunition charged in the indictment.

Contrary to defendant's assertions, Dkt. 67-1, the significant relevance of these acts is not "substantially outweighed" by a risk of "unfair prejudice" or "confusing the issues" under Federal Rule of Evidence 403. The government's prior-act evidence will not confuse the jury because it does not involve collateral matters unrelated to the case; any potential confusion can be cleared up by jury instructions; and the evidence is not unfairly prejudicial. Importantly, Rule 403 is meant to exclude only evidence of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) (cleaned up). Here, rather than having "scant" probative force, the government's evidence relates directly to issues that are critical to the charged crime, elements that the government must prove beyond a reasonable doubt, and the jury's overall

understanding of the case. The Court should reject defendant's arguments, as well as his cursory hearsay objection (Dkt. 67-1 at 10), and admit the government's prior-act evidence.

**II. EVIDENCE OF DEFENDANT HOLDING AN IDENTICAL GUN IN BOTH PHILADEPHIA AND BATON ROUGE IS HIGHLY RELEVANT TO PROVING THE CRIME AND WILL NOT CONFUSE THE JURY OR BE UNFAIRLY PREJUDICIAL**

The government seeks to admit photographs of defendant at Shyne Jewelers and an Instagram video of defendant in Baton Rouge, all of which show defendant holding a gun that looks identical to the one found in his car in Tarzana, California, on March 22, 2021. The guns' identical appearance includes their physical attributes, their markings, and their distinctive color, which the government's firearms expert is expected to testify is relatively uncommon. The government is not just arguing that defendant's prior possession of any gun means that he possessed the gun on March 22, 2021. Rather, the government is arguing that defendant's prior possession of the same gun indicates that he knowingly possessed that gun on March 22, 2021. This evidence is highly relevant to the element of possession, as well as to defendant's knowledge of the gun and identity as the gun's owner, and it should be admitted. See Fed. R. Evid. 404(b).

Similar evidence has been admitted in other cases. In United States v. Dorsey, the Ninth Circuit affirmed the admission of testimony that showed defendant had previously possessed "a gun that was the same as or similar to the gun likely used in the shooting" that he was charged with. 677 F.3d 944, 952 (9th Cir. 2012). Similarly, in United States v. Moi, the district court permitted the introduction of a music video depicting a person with a Glock handgun to prove that this person "had access to" that gun.

No. 319CR00112TMBSAO2, 2022 WL 704220, at *3 (D. Alaska Mar. 8, 2022). Here, the photographs and video show not just that defendant had access to a gun but rather that defendant had access to precisely the same type of gun (and likely, the same gun) found in his car on March 22, 2021.

Admission of this evidence will not create a trial within a trial. The government is not seeking to prosecute defendant for his possession of the gun at Shyne Jewelers or in the Instagram video. No such prosecutions exist, and the government will not try to prove that defendant's gun possession in the photographs or video was illegal. Instead, the government plans to use the photographs and Instagram video for the limited purpose of showing that the gun found in defendant's car on March 22, 2021 belonged to defendant.

Moreover, this highly relevant evidence will not confuse the jury. First, the jury instructions will prevent any possibility of confusion about what crime is charged here. The government has agreed to the defense's proposed jury instruction about other-acts evidence: "Remember the defendant is on trial here only for being a felon in possession of a firearm or ammunition on or about March 22, 2021 in the Central District of California, not for these other acts." This instruction clarifies that the jury is not being asked to decide whether defendant committed crimes in the Shyne Jewelers photographs or the Instagram video, and a jury is presumed to follow the Court's instructions. See Richardson v. Marsh, 481 U.S. 200, 211 (1987); United States v. Padilla, 639 F.3d 892, 897 (9th Cir. 2011). Second, this evidence does not meet the standard for exclusion based on confusion. A court should exclude evidence for confusing the

4

issues only when the evidence involves "unrelated matters of proof," United States v. Clausen, 241 F. App'x 424, 426 (9th Cir. 2007), or a "collateral matter" that would "virtually amount to a second trial," City of Long Beach v. Standard Oil Co. of Cal., 46 F.3d 929, 938 (9th Cir. 1995) (cleaned up).  Accord United States v. Condon, 720 F.3d 748, 755 (8th Cir. 2013) ("Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues.").  Here, the Shyne Jewelers photographs and Instagram video present no collateral or unrelated matter.  To the contrary, they concern a matter highly related to this case: whether defendant knowingly possessed a firearm on March 22, 2021, that appears identical to the one he is showing off in the photographs and video just months earlier.

Nor is this evidence unfairly prejudicial.  The Ninth Circuit has explained that courts should rarely exclude evidence for unfair prejudice.  "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."  United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) (cleaned up).  Accordingly, "[u]nless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing," so that "[i]ts major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."  Id.  Here, the Shyne Jewelers photographs and Instagram video do not meet the Ninth Circuit's high standard for

exclusion.[1]  Rather than having "scant" or "cumulative probative force," they are some of the government's strongest evidence that defendant owned this gun and therefore knowingly possessed it on March 22, 2021.  In particular, because the photographs and videos establish defendant's connection to the gun, the jury will be able to understand that defendant was aware of the gun, intended to control the gun, and therefore constructively possessed the gun on March 22, 2021.  While the concept of constructive possession may be relatively "simple" to lawyers (Dkt. 67-1 at 1), it can be complicated to jurors, and the video and photographs will help them understand it.  Thus, this evidence is prejudicial only in the permissible sense: the photographs and video are strong evidence of defendant's crime.

Finally, the strength of this evidence weighs against its exclusion.  The Ninth Circuit has consistently held that when evidence is highly relevant to proving the charged crime, it should not be excluded -- even in situations where the evidence is far more likely than the evidence here to paint a defendant in a bad light.  See, e.g., United States v. Kilty, No. 19-50351, 2022 WL 152446, at *2 (9th Cir. Jan. 18, 2022) (approving admission of an autopsy photo even though defendant stipulated to victim's death, because "[d]eath of the victim was an essential element of" involuntary manslaughter).

---

[1] Defendant's citation to United States v. Lewis for the proposition that the standard for exclusion is somehow lower (Dkt. 67-1 at 9) is inapposite.  That case involved a complicated severance issue, and the Ninth Circuit found that a prior conviction had no permissible use as to one count other than to show bad character, which is prohibited under Federal Rule of Evidence 404(a).  787 F.2d 1318, 1321 (9th Cir.), opinion amended on denial of reh'g, 798 F.2d 1250 (9th Cir. 1986).  Here, in contrast, the government's other prior-act evidence serves permissible purposes under Federal Rule of Evidence 404(b), such as proving knowledge, identity, and absence of mistake.

In contrast, where evidence has minimal relevance and may evoke a strong emotional response, exclusion may be warranted. See, e.g, United States v. Gonzalez-Flores, 418 F.3d 1093, 1099 (9th Cir. 2005) (holding that court should have excluded evidence against alien-smuggling defendant that two young girls she brought across the border suffered heat stroke). In this case, because the Shyne Jewelers photographs and Instagram video are highly relevant and are unlikely to evoke a strong emotional response, the Court should not exclude them. See Dorsey, 677 F.3d at 952 (holding that "[t]estimony about mere gun possession was not likely to inflame the jury").

In fact, the Supreme Court, the Ninth Circuit, and district courts have approved the admission evidence that is much more prejudicial and confusing and much less relevant than the photographs and video here. For example, in United States v. Lozano, the Ninth Circuit approved the admission of photographs showing a defendant at a marijuana grow three years before the defendant was arrested for possession of marijuana with intent to distribute. 623 F.3d 1055, 1059 (9th Cir. 2010). Similarly, in United States v. Abel, the Supreme Court upheld the admission of evidence that a defense witness was a member of the same "lying and murderous" gang as the defendant and, therefore, was biased in his favor. 469 U.S. 45, 54 (1984). And in United States v. Rodriguez, the Ninth Circuit allowed the government to admit a defendant's prior conviction for "fraudulent use of immigration stamps to show her knowledge that aliens use false or fraudulent documents to enter the United States." 880 F.3d 1151, 1157 (9th Cir. 2018). The evidence in those cases was far less connected to the charged crime and far more prejudicial than the

7

evidence here.  If the evidence in those cases was admissible, so are the Shyne Jewelers photographs and Instagram video.

**III. THE EXISTENCE OF THE LOUISIANA ARREST WARRANT IS ADMISSIBLE**

The government seeks to introduce the fact that police were trying to stop defendant's vehicle and arrest him on March 22, 2021, on an arrest warrant from the Middle District of Louisiana.  Unless defendant "opens the door," the government will not seek to admit the underlying details about the arrest warrant -- including the fact that the Louisiana arrest warrant also charged defendant with being a felon in possession of a firearm in a separate case.  Defense counsel does not appear to object to this limited use of the arrest warrant.  See Dkt. 74 at 4.  In addition, the government does not plan to introduce any evidence that was suppressed in the Louisiana case.  Thus, defense's motion in limine seeking to preclude this evidence is moot.  See Dkt. 67-1 at 8-11.  Finally, the existence of an arrest warrant is not hearsay because it is not a statement.  See Fed. R. Evid. 801(a) (defining "statement" to be a "person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion").  In sum, given the government's self-imposed limitations, the Court should admit evidence that police were surveilling and arresting defendant based on a lawful arrest warrant.

**IV.   THE GOVERNMENT MAY INTRODUCE SELECT LINES FROM DEFENDANT'S SONGS**

The government agrees that introduction of defendant's rap songs in their entirety would be unfairly prejudicial.  Thhe government seeks to introduce only the following lines from these songs:

- "Gunsmoke": "FN, Glock, MAC-10s"

- "Life Support": "I take you shoppin', alone up in Lenox / Take you to Shyne and flood your pendant."
- "Lonely Child": "I call Monique my mama but Lord knows I need Sheronda."

The lyrics from "Gunsmoke" shows defendant's familiarity and knowledge of FN, the high-end manufacturer of the gun found in defendant's car that he denies knowingly possessing. Notably, the government has found no reference in defendant's lyrics to the Tokyo Marui Airsoft FNX-45 replica gun, which the defense plans to argue is consistent with the photos from Shyne Jewelers. Moreover, the lyrics from "Life Support" show defendant's knowledge of Shyne Jewelers, whose products were found in defendant's car, next to the gun that he denies knowingly possessing. Finally, the government understands that the "Monique" defendant describes as his "mama" is Demetrice Monique Coleman, whose partner's brother bought the gun that was found in defendant's car, and which he denies knowingly possessing. Notably, the Instagram video shows defendant showing off a gun that is identical to (and likely, the same as) the gun found in his car outside of Coleman's Baton Rouge home on December 27, 2020, two weeks after the gun was purchased, and three months before it was found in defendant's car. Thus, these three lines support the government's argument that defendant was driving his car on March 22, 2021, and that the items in the car -- including the gun and matching ammunition -- were his possessions. Presented in isolation, as the government proposes, they present none of the prejudice concerns raised by defendant.

1  United States v. Moi, cited by defendant (Dkt. 67-1 at 12-13), supports the government's argument, not defendant's. No. 319CR00112TMBSAO2, 2022 WL 704220 (D. Alaska Mar. 8, 2022). In Moi, the district court allowed the defendant to admit an entire song to prove the connection between a rapper and a third party, whose nickname was mentioned in that song. Id. at *3. Here, the government seeks to introduce only three lines of lyrics for a similar purpose. Nothing is prejudicial about these lines, and the Court should admit them for this limited and relevant purpose.

**V.   CONCLUSION**

For the foregoing reasons, the Court should admit the government's prior-act evidence.

Dated: July 11, 2022          Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


 /s/ Rajesh R. Srinivasan
RAJESH R. SRINIVASAN
AMANDA B. ELBOGEN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA